NOTE:  This opinion was released but subject to further editing.

OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Herdman v. Franklin County Board of Elections et al.
[Cite as State ex rel. Herdman v. Franklin Cty. Bd. of Elections (1993),      Ohio St.3d      .]
Elections -- Mandamus to compel board of elections to place name on ballot as candidate for mayor of village -- Residency requirements -- R.C. 733.24 and 3503.02 -- Writ denied, when -- Court will not substitute its judgment for that of the board of elections when there is substantial and conflicting evidence from which the board must choose.
(No. 93-1826 -- Submitted and decided October 13, 1993, -- Opinion announced October 25, 1993.*)

In Mandamus.

Relator, Randy L. Herdman, filed a statement of candidacy and nominating petition for election to the office of mayor of the Village of Brice at the November 2, 1993 election. Respondents, the Franklin County Board of Elections and its members, found that the petition contained sufficient valid signatures.  On August 30, 1993, Michael Gipson filed a written protest with respondents.  Respondents held a hearing on the protest on September 2, 1993.  The substance of the protest concerned whether relator will have been a resident of Brice for one year prior to the election, as required by R.C. 733.24.  Relator presented evidence that he will have been a resident for the required period, but respondents voted to sustain the protest and not place relator's name on the November ballot.  Relator then filed this mandamus action to compel respondents to place his name on the ballot.

*Reporter's Note:  For earlier case, see 67 Ohio St.3d 1475,      N.E.2d     .

McTigue & Brooks and Donald J. McTigue, for relator.
Michael Miller, Franklin County Prosecuting Attorney, and Harland H. Hale, Assistant Prosecuting Attorney, for respondents.

Per Curiam. We deny the writ for the following reasons.

In his deposition,[1] relator alleges that he has, since 1985, considered his parents' former home at 3000 High Street, Brice, Ohio, his permanent residence, even though he had married and lived with his wife, child and stepchildren in Canal Winchester, Ohio in 1989 and 1990, and had lived in Columbus for a time in 1990. Most important, he claims continuous residence at the Brice address since October 1990. He also states that he informally separated from his wife in October 1990, that she lived with her parents thereafter until relator and his wife reunited in March 1993, that he is an interstate truck driver and may be away from home for long periods, and that he executed a land installment contract to purchase the property at 3000 High Street, Brice, from his mother on June 14, 1993.

Relator has also submitted various documents executed between 1990 and 1993, which give his address as 3000 High Street, Brice. However, respondents discovered at the hearing that on October 30, 1992 relator had applied for an absent voter's ballot for the November 1992 election, stating that he would be absent from the county on election day (November 3, 1992) beginning October 31, 1992, and writing a Columbus address on the application form. Respondents also discovered that relator had not filed a municipal income tax return to Brice for 1992, even though he had income. For these reasons, respondents upheld the protest and refused to place relator's name on the ballot.

R.C. 733.24 states in part:

"The mayor of a village shall be elected for a term of four years, commencing on the first day of January next after his election. He shall be an elector of the village and shall have resided in the village for at least one year immediately preceding his election. * * *"

R.C. 3503.02 states in part:

"All registrars and judges of elections, in determining the residence of a person offering to register or vote, shall be governed by the following rules:

"(A) That place shall be considered the residence of a person in which his habitation is fixed and to which, whenever he is absent, he has the intention of returning.

"(B) A person shall not be considered to have lost his residence who leaves his home and goes into another state or county of this state, for temporary purposes only, with the intention of returning.

"* * *

"(D) The place where the family of a married man or woman resides shall be considered to be his or her place of residence; except that when the husband and wife have separated and live apart, the place where he or she resides the length of time required to entitle a person to vote shall be considered to be his or her place of residence."

We have previously applied this statute in candidate-residence cases. State ex rel. Nichols v. Vinton Cty. Bd. of Elections (1985), 20 Ohio St.3d 1, 20 OBR 75, 484 N.E.2d 690; State ex rel. Spangler v. Cuyahoga Cty. Bd. of Elections (1983), 7 Ohio St.3d 20, 7 OBR 487, 455 N.E.2d 1009;

State ex rel. Lakes v. Young (1954), 161 Ohio St. 341, 53 O.O. 249, 119 N.E.2d 279; State ex rel. Klink v. Eyrich (1952), 157 Ohio St. 338, 47 O.O. 198, 105 N.E.2d 399.

Essentially, relator claims residence under division (A), by stating that he has in fact resided at 3000 High Street, Brice, since October 1990, and that he has not lost residence under division (B) because of his temporary absence as a truck driver, or under division (C) because he lived separately from his family when he and his wife were separated. Relator's evidence consists of his testimony and sixteen documents. Respondents rely on two documents - - the request for a 1992 absent voter's ballot and the Brice income tax ordinance, which they use to show that relator was obligated to pay income tax to Brice. None of the evidence is conclusive as to where relator actually lived on and after November 3, 1992. Relator argues that his October 30, 1992 request for an absent voter's ballot is not probative of where he lived on and after November 3, 1992. However, the document states that he lived at a Columbus address on October 30 and would be absent from the state beginning October 31 through election day. Thus, respondents could infer that he would not move between October 30 and November 3, since by his own admission he would be out of the state.

Similarly, relator argues that respondents had no evidence at the hearing that relator owed municipal income tax for 1992, and therefore the fact that the village ordinance requires him to pay income tax is outside the record. However, relator claims to have placed his 1992 W-2 forms in evidence before respondents, which showed he had taxable income and allowed respondents to infer that he was not a resident if he did not pay taxes. Moreover, we can take judicial notice of municipal ordinances within our territorial jurisdiction, Civ. R. 44.1(A)(2), and, to prevail in this action, relator must establish a clear right to relief.

Respondents ascribed greater weight to the evidence against relator's claimed residence. Thus, this is not like cases in which all the evidence is on one side, in which we have held that a board of elections abuses its discretion by rejecting the only evidence. State ex rel. Beck v. Casey (1990), 51 Ohio St.3d 79, 554 N.E.2d 1284; State ex rel. Pucel v. Green (1956), 165 Ohio St. 175, 59 O.O. 237, 134 N.E.2d 154. We decline to substitute our judgment for that of the respondent board of elections when there is substantial and conflicting evidence from which the board must choose. In such a case, the decision is within the board's discretion. Moreover, there is no other allegation of fraud, corruption or disregard of applicable legal provisions. See Beck, supra. Accordingly, we deny the writ.

Writ denied.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE

1   Relator claims to have submitted substantial evidence at the hearing, but this cannot be verified because the audio tapes of the hearing, jointly submitted as evidence, are of such poor quality that the testimony cannot be heard. However, relator's deposition filed in this court and attached exhibits

appear to replicate the testimony and evidence he allegedly submitted at the hearing, and respondent does not contest these facts.