{¶ 39} I concur with the majority's opinion. I write separately to address appellant's contention that the city of Conneaut erred by failing to introduce the zoning map.
 {¶ 40} According to the plain language of the Conneaut Zoning Ordinance, the zoning map is part of the ordinance. Pursuant to Civ. R. 44.1, a court may take judicial notice of municipal ordinances within its territorial jurisdiction. See State ex rel. Herdman v. Franklin Cty.Bd. of Elections (1993), 67 Ohio St.3d 593, 596; Aurora v. Sea Lakes,Inc. (1995), 105 Ohio App.3d 60, 66. Thus, the trial court could have taken judicial notice of the official zoning map. Therefore, it was not necessary to introduce the zoning map.
 {¶ 41} While not "necessary," I believe that in a typical zoning dispute, the better practice would be for the city, through its zoning inspector or other records custodian, to introduce an authenticated copy of the official zoning map. This would ensure that the map is in the record and provide the trial court and the parties with a quick reference point. However, for the reasons that follow, I do not believe the fact that the official map is not in the record is problematic in this matter.
 {¶ 42} First, the current zoning status of appellant's property was not in dispute. In his complaint, appellant asserts that his property is currently zoned R-2. At trial, Luciana Ratterman, the current Zoning Inspector, testified that the current zoning status of appellant's property is an R-2 designation. While appellant's counsel cross-examined Ratterman about the basis of her conclusion, no objection was made to her testimony that the property is zoned R-2. In addition, appellant testified that he became aware *Page 11 
that the zoning designation of his property was changed from R-4 to R-2 in 1985 or 1986, when he spoke with the city manager after an interested purchaser was told that the property was zoned R-2.
 {¶ 43} Second, it is important to look at the exact relief appellant was requesting from the trial court. Appellant asked the trial court to declare:
 {¶ 44} "(1) [T]hat the denial of the rezoning is unconstitutional as it does not advance any legitimate state interest founded on the protection of the community's health, safety, or welfare;
 {¶ 45} "(2) [T]o grant such other relief or to make such other declaration as may be deemed appropriate; and
 {¶ 46} "(3) [A]ward damages to the plaintiff for the wrongful denial of a legal use of his land which previously carried an R-4 zoning designation."
 {¶ 47} Thus, the crux of appellant's complaint for declaratory judgment concerned the city's 2005 denial of his rezoning request to change his property from an R-2 designation to an R-4 designation. It did not concern the city's prior decision to change the zoning designation of appellant's property from R-4 to R-2. *Page 1