Lanzinger, J.,
dissenting.
{¶ 43} The county boards of elections are given little guidance when asked to determine whether an independent candidate has made a good-faith declaration of disaffiliation. In order to vacate the decision of a board of elections and grant a writ of mandamus, a relator must establish that the board’s decision resulted *230 from fraud, corruption, abuse of discretion, or clear disregard of applicable law. Whitman v. Hamilton Cty. Bd. of Elections, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11. The term “abuse of discretion” in this context connotes an unreasonable, arbitrary, or unconscionable decision. State ex rel. Stine v. Brown Cty. Bd. of Elections, 101 Ohio St.3d 252, 2004-Ohio-771, 804 N.E.2d 415, ¶12, citing State ex rel. Stevens v. Geauga Cty. Bd. of Elections, 90 Ohio St.3d 223, 226, 736 N.E.2d 882 (2000). Because I believe that the Summit County Board of Elections did not act unreasonably under the circumstances, I would deny the writ.
Law Offices of Warner Mendenhall and Warner Mendenhall; and Alyssa M. Allen, for relator.
Sheri Bevan Walsh, Summit County Prosecuting Attorney, and John F. Galonski, Assistant Prosecuting Attorney, for respondent.