[Cite as *Akron v. Albarez*, 2023-Ohio-4770.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | C.A. No. 30525 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LIZETT ALVAREZ | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 22-CRB-04018 |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Lizett Alvarez appeals from the judgment of the Akron Municipal Court. This Court reverses.

I.

Background

{¶2} Ms. Alvarez, a resident of the City of Akron, was the owner of two pitbull dogs, Bruno and Puma. Bruno and Puma resided with Ms. Alvarez and her children in her home.

{¶3} On May 24 and June 21, 2022, incidents occurred where Bruno and Puma attacked or bit another animal or person. On May 24, 2022, Bruno and Puma attacked and killed a small dog being walked on a leash by its owner. On June 21, 2022, Bruno and Puma charged and bit an EMT who came into Ms. Alvarez's home to treat her ex-husband for injuries sustained in a kitchen fire.

{¶4} As a result of the May 24, 2022 incident, Ms. Alvarez was charged with violations of Akron City Ordinances related to the possession of a vicious dog or possession of pitbulls. On July 19, 2022, she pled guilty to a violation of Akron City Ordinance 92.25(B)(4). After she pleaded guilty, a hearing was held on August 17, 2022, in Akron Municipal Court to determine what should be done with Ms. Alvarez's dogs. At a subsequent hearing on September 7, 2022, the trial judge announced his decision that the dogs should be euthanized. The trial judge determined that the dogs presented a danger to the community and ordered both dogs be surrendered to the animal warden for euthanization the following day, September 8, 2022.

{¶5} The surrender of the two dogs was not accomplished the following day, however. The trial court held a contempt of court hearing on September 9, 2022, to determine whether Ms. Alvarez should be held in contempt for her alleged failure to surrender both of her dogs to the animal warden the previous day. At the beginning of the hearing, defense counsel objected to the hearing proceeding because Ms. Alvarez had not been provided written notice of the hearing. The judge overruled the objection and proceeded with the hearing.

{¶6} The City presented only the testimony of Jessica Seigenthaler, an animal control warden for the City of Akron, who testified about the events that had taken place the day before. Ms. Siegenthaler testified Ms. Alvarez had attempted to surrender one of the dogs, Bruno. Ms. Siegenthaler further testified Ms. Alvarez informed Ms. Seigenthaler that Ms. Alvarez's boyfriend had taken off with Puma and she was unable to locate her boyfriend or Puma. Ms. Seigenthaler testified Ms. Alvarez was unable to reach her boyfriend by phone and had also contacted members of his family to attempt to reach him. After Ms. Alvarez notified Ms. Seigenthaler that Puma was missing, Ms. Seigenthaler "did not take possession [of Bruno]. Not because of [Ms. Alvarez], but because I did not know what I was supposed to do." Ms. Seigenthaler testified she believed that

because the trial court's order said two dogs needed to be surrendered, and Ms. Alvarez was only attempting to surrender one dog, that she would need a different order from the trial court. Ms. Seigenthaler testified she "talked to [Ms. Alvarez] later on in the day, probably around 3, 3:30, just to update her and let her know that I was not going to pick [Bruno] up because I had not heard back from the prosecutor yet and I had not heard back from Summit County Animal Control at that time if I could bring the dog or not."

{¶7} After listening to the testimony of the witnesses and arguments made by counsel, the trial judge found Ms. Alvarez guilty of contempt of court and issued a fifty dollar fine for every day that the dogs were not surrendered to the animal warden.

{¶8} It is from that decision Ms. Alvarez appeals, assigning two errors for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY HOLDING THE DEFENDANT IN CIVIL CONTEMPT OF COURT BECAUSE THERE WAS NO DISPUTE THAT SHE WAS UNABLE TO COMPLY WITH ITS FORFEITURE ORDER OR PURGE ANY CONTEMPT.**

{¶9} In her first assignment of error, Ms. Alvarez argues that the trial court erred in finding her in contempt of court. For the reasons that follow, we agree.

Standard of Review – Contempt of Court

{¶10} "This Court reviews contempt proceedings under an abuse of discretion standard." *State v. T.F.*, 9th Dist. Lorain No. 17CA011175, 2019-Ohio-1039, ¶ 6; *See also Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. "'Abuse of discretion' connotes an unreasonable, arbitrary, or unconscionable decision." *See State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, ¶ 21; *State ex rel. Stine v. Brown Cty. Bd. of Elections*, 101 Ohio St.3d 252, 2004-Ohio-771, ¶ 12.

{¶11} Pursuant to R.C. 2705.02(A), "[a] person guilty of any of * * * [d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer" may be punished as for a contempt of court. Here, Ms. Alvarez was accused of violating R.C. 2705.02(A), disobedience of an order of the trial court when she failed to surrender both of her dogs to the animal warden. Further, pursuant to R.C. 2705.03:

> In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings.

R.C. 2705.03 applies to all contempt proceedings, whether the contempt is direct or indirect, or whether the contempt is civil or criminal.

{¶12} In her arguments on appeal, Ms. Alvarez noted she was never provided written notice of the contempt charges against her. As stated above, pursuant to R.C. 2705.03, the trial court was to provide the defendant with written notice of the charges. R.C. 2705.03 ("In cases under section 2705.02 of the Revised Code, *a charge in writing shall be filed with the clerk of the court*, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel." (Emphasis added.))

{¶13} In *Medas v. Monyak*, 9th Dist. Lorain No. 13CA010487, 2015-Ohio-1252, ¶ 19, this Court held that the failure to provide a defendant with the requisite written notice constitutes reversible error:

> [t]o the extent that the trial court found [the defendant] in indirect contempt, it did so without providing her written notice of the charges against her as required by statute. Therefore, the trial court's contempt finding must be reversed on this basis[.]

{¶14} There is no written notice of the contempt charge against Ms. Alvarez in the record. There is also nothing in the record that indicates a written notice of the contempt charge was served

to Ms. Alvarez's counsel. At the beginning of the contempt hearing, defense counsel objected to the hearing proceeding on the grounds that Ms. Alvarez had not received the statutory written notice that she was entitled to receive. The following exchange occurred between defense counsel and the trial court:

| | |
|---|---|
| [DEFENSE COUNSEL]: | * * * Your Honor, I would like to indicate, for the record, and for the [c]ourt to take judicial notice, that no written complaint of contempt has been served upon my client. The [c]ourt has not provided notice to my client in writing[,] as required by both Ohio law and the statute[,] that she is being held in contempt. |
| JUDGE: | However, your client did not receive that, but you received it yesterday. You knew that this was a contempt hearing today. You represent your client. You knew that she was supposed to show up for a contempt hearing. |
| [DEFENSE COUNSEL]: | I will direct the [c]ourt to *Medas v. Moynak*[.] It's a 9th District case. It says, "To the extent that the trial court found Mother in [indirect] contempt hearing, it did so without providing her * * * written notice of the charges against her as required by the statute." That is 9th District law. |
| JUDGE: | Okay. |
| [DEFENSE COUNSEL]: | Law that this [c]ourt is required to follow. So it is required that she is provided written notice of her contempt. |
| JUDGE: | Okay. Well, you can take that up with the 9th District Court of Appeals. We're here today, okay, for a contempt hearing. Your * * * objection will be noted. |

(Emphasis added.)

{¶15} The trial court overruled defense counsel's objection and proceeded with the hearing. The trial court conceded that Ms. Alvarez was not provided written notice of the contempt charge. Furthermore, there is nothing in the record to suggest that Ms. Alvarez's counsel received

any form of written notice of the contempt charge the day before the contempt hearing, and there is nothing to indicate a written charge was filed with the clerk of court as required by statute. Because the trial court failed to provide Ms. Alvarez with the notice required under this statute, and under this Court's precedent, this constituted reversible error by the trial court. *See Medas* at ¶ 19 ("To the extent that the trial court found [the defendant] in indirect contempt, it did so without providing her written notice of the charges against her as required by statute[.] Therefore, the trial court's contempt finding must be reversed on this basis[.]")

{¶16} Ms. Alvarez's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY HOLDING THE DEFENDANT IN CIVIL CONTEMPT OF COURT FOR THE ACTS OF ANOTHER.**

{¶17} In her second assignment of error, Ms. Alvarez argues that the trial court erred in finding her guilty of contempt of court based on the acts of another. Given this Court's resolution of the first assignment of error, we decline to address the second assignment of error as it has been rendered premature.

### III.

{¶18} Ms. Alvarez's first assignment of error is sustained. Her second assignment of error is premature. The judgment of the Akron Municipal Cout is reversed and remanded for further consideration consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶19} I respectfully dissent from the majority opinion. The majority reverses the trial court's decision on the basis that the trial court failed to provide Ms. Alvarez with written notice of the contempt charges against her as purportedly required under R.C. 2705.03. R.C. 2705.03, however, only requires that "a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by h[er]self or counsel." It does not require the trial court to serve that notice upon the accused.

{¶20} Additionally, in her merit brief, Ms. Alvarez has argued the merits of the trial court's decision; she did not develop any argument related to the trial court's purported failure to serve her with written notice. *See* App.R. 16(A)(7). Even if she had–and even if the statute did require service–there is no dispute that Ms. Alvarez's counsel received written notice of the contempt charges the day before the contempt hearing. As the Ohio Supreme Court has made clear, when a party is represented by counsel, "service should be made upon the attorney unless the court expressly orders that it be made upon the party." *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131 (1990), syllabus.

{¶21} The majority opinion erroneously treats a civil contempt proceeding as if it were a criminal complaint brought by the State in which service upon the defendant is required. It is not. Because the trial court satisfied the requirements of R.C. 2705.03, I would address the merits of Ms. Alvarez's arguments on appeal. Accordingly, I respectfully dissent.

APPEARANCES:

LOUIS E. GRUBE and MELISSA A. GHRIST, Attorneys at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.