The State ex rel. Grounds *v.* Hocking County Board of Elections et al.

[Cite as *State ex rel. Grounds v. Hocking Cty. Bd. of Elections,* 117 Ohio St.3d 116, 2008-Ohio-566.]

(No. 2008–0188—Submitted February 12, 2008—Decided February 15, 2008.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of mandamus to compel respondents, the Hocking County Board of Elections and its members, to certify the candidacy of relator, Phillip Grounds, for the March 4, 2008 primary election for Hocking County sheriff or, in the alternative, to immediately compel the board and its members to determine whether Grounds meets the eligibility requirements of R.C. 311.01(B). Because the board neither abused its discretion nor clearly disregarded applicable law by upholding a protest to the relator's candidacy, we deny the writ.

Application of Candidacy and Administrative Findings

{¶ 2} On December 3, 2007, relator, Phillip Grounds, filed an application with Judge Thomas H. Gerken, the administrative judge of the Hocking County Court of Common Pleas, to be a candidate for sheriff of Hocking County, Ohio. In the application, Grounds swore, "During the three-year period immediately prior to January 4, 2008, I [obtained or held] a valid basic peace officer certificate of training issued by the Ohio peace officer training commission and have been employed for at least *one day of* the last three years prior to the qualification date as a full-time law enforcement officer as defined in R.C. 2901.01 performing duties related to the enforcement of statutes, ordinances or codes [R.C. 311.01(B)(8)(b) ]." (Emphasis added; bracketed citations sic.) Grounds handwrote "one day of" before "the last three years," and the remainder of the

application form was preprinted. According to Grounds, this portion of his application contained a typographical error because it should have referred to R.C. 311.01(B)(8)(a) instead of R.C. 311.01(B)(8)(b). Grounds claimed that he had informed Judge Gerken that he qualified under R.C. 311.01(B)(8)(a), but the judge instead handed him an application form referring to R.C. 311.01(B)(8)(b).

{¶ 3} In accordance with R.C. 311.01(B)(7), Judge Gerken instructed Grounds to prepare a complete history of his places of employment for a period of six years prior to the January 4, 2008 qualification date, but Grounds did not include in that history any employment with the village of Commercial Point, Ohio.

{¶ 4} On December 3, 2007, Judge Gerken made findings pursuant to R.C. 311.01(B) and forwarded them with Grounds's employment and residence histories to respondent Hocking County Board of Elections.

## Protest

{¶ 5} In January 2008, Stephen V. Mowery filed a protest against Grounds's application to be a candidate for sheriff. Mowery raised several issues, including that Grounds did not meet the requirements of R.C. 311.01(B)(8)(b), which Grounds had sworn that he satisfied in his notarized application, that Grounds did not meet the alternate requirement in R.C. 311.01(B)(8)(a), and that Grounds's application did not contain a complete employment history, because it did not include his employment with Commercial Point.

## Board Hearing and Decision

{¶ 6} On January 18, 2008, respondents conducted a hearing on the protest. During the hearing, Grounds conceded that he did not qualify as an eligible candidate under R.C. 311.01(B)(8)(b). Grounds claimed that he did meet the alternate requirement under R.C. 311.01(B)(8)(a) based on his employment as an auxiliary police officer for Commercial Point for eight hours and 15 minutes on November 30, 2007. He had sought that unpaid employment in order to meet the eligibility requirement to run for sheriff. At the hearing, Grounds admitted that although he had relied on this employment to satisfy the R.C. 311.01(B)(8)(a) eligibility requirement, he had failed to list it on the employment history he submitted with his application to Judge Gerken.

{¶ 7} At the conclusion of the hearing, the board of elections upheld the protest and rejected Grounds's candidacy. Grounds later contacted the director of the elections board and requested a written decision. The director informed Grounds that there was no written decision, but Grounds insisted that she prepare one. In a subsequent letter to Grounds, the director noted, "The [board's] decision was based on the fact that the application filed with the Court of Common Pleas stated you were a qualified candidate under R.C. 311.01(B)8(b) and the board determined you did not meet the qualifications as outlined in that section of

code." This letter was prepared by the director without the knowledge, direction, or approval of the board or any board member.

## Expedited Election Case

{¶ 8} On January 24, Grounds filed this expedited election case for a writ of mandamus to compel the board and its members to certify his candidacy for the office of Hocking County sheriff at the March 4, 2008 primary election. In the alternative, Grounds requests a writ of mandamus to compel the board and its members to conduct a hearing to determine whether Grounds meets the requirements of R.C. 311.01(B). The board and its members submitted an answer, and the parties filed evidence and briefs pursuant to the expedited schedule in S.Ct.Prac.R. X(9). The Buckeye State Sheriffs Association filed an amicus curiae brief in support of the board of elections and its members.

{¶ 9} This cause is now before the court for our consideration.

## Mandamus

{¶ 10} To be entitled to the writ, Grounds must establish a clear legal right to certification of his candidacy and placement of his name on the March 4 election ballot or to a hearing to permit him to introduce evidence of his compliance with R.C. 311.01(B)(8)(a), a corresponding clear legal duty on the part of the board of elections and its members, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Duncan v. Portage Cty. Bd. of Elections,* 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 8. Given the proximity of the March 4 election, Grounds has established that he lacks an adequate remedy in the ordinary course of law. *State ex rel. Columbia Res. Ltd. v. Lorain Cty. Bd. of Elections,* 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 28.

{¶ 11} For the remaining requirements, to establish the requisite legal right and legal duty, Grounds "must prove that the board of elections engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law." *Rust v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 8. There is no evidence of fraud or corruption here.

{¶ 12} Grounds claims that the board of elections abused its discretion and clearly disregarded applicable law by upholding the protest against his candidacy because first, the board did not permit him to offer evidence that he met the requirement under R.C. 311.01(B)(8)(a) in lieu of the alternate under R.C. 311.01(B)(8)(b), and second, the board erred in failing to find that he had met the R.C. 311.01(B)(8)(a) requirement and refusing to certify his candidacy for sheriff at the March 4, 2008 primary election based on the evidence introduced at the protest hearing.

{¶ 13} R.C. 311.01(B) sets forth the eligibility requirements for sheriff candidates, including:

{¶ 14} "(8) The person meets at least one of the following conditions:

{¶ 15} "(a) Has obtained or held, within the four-year period ending immediately prior to the qualification date, a valid basic peace officer certificate of training issued by the Ohio peace officer training commission or has been issued a certificate of training pursuant to section 5503.05 of the Revised Code, and, within the four-year period ending immediately prior to the qualification date, has been employed as an appointee pursuant to section 5503.01 of the Revised Code or as a full-time peace officer as defined in section 109.71 of the Revised Code performing duties related to the enforcement of statutes, ordinances, or codes;

{¶ 16} "(b) Has obtained or held, within the three-year period ending immediately prior to the qualification date, a valid peace officer certificate of training issued by the Ohio peace officer training commission and has been employed for at least the last three years prior to the qualification date as a full-time law enforcement officer, as defined in division (A)(11) of section 2901.01 of the Revised Code, performing duties related to the enforcement of statutes, ordinances, or codes."

{¶ 17} Although Grounds swore in his application that he met the requirements of R.C. 311.01(B)(8)(b), at the protest hearing, he disclaimed reliance on that subsection and instead argued that he met the requirements of R.C. 311.01(B)(8)(a) because he had worked one day during the pertinent four-year period as a police officer for Commercial Point. Grounds initially claims that the board of elections abused its discretion and clearly disregarded applicable law by limiting its decision to the determination of whether Grounds met R.C. 311.01(B)(8)(b) and not considering whether he qualified under R.C. 311.01(B)(8)(a).

{¶ 18} Grounds's claim lacks merit. The transcript of the protest hearing establishes that the board did not preclude Grounds from introducing evidence that he qualified under R.C. 311.01(B)(8)(a) instead of R.C. 311.01(B)(8)(b). When asked by the chair of the elections board whether he had any witnesses, Grounds declared that he did not need any other witnesses because he had established that he qualified under R.C. 311.01(B)(8)(a). In the board's discussion concerning the motion to reject Grounds's candidacy, a board member opined that Grounds did not qualify under R.C. 311.01(B)(8)(a). And although the written notification prepared by the director at Grounds's insistence stated that the board's decision was based solely on R.C. 311.01(B)(8)(b), this letter was not prepared by the board or with the board's approval.

{¶ 19} Therefore, the board did not limit its decision to R.C. 311.01(B)(8)(b), and the remaining issue is whether the board of elections abused its discretion

and clearly disregarded applicable law by upholding the protest and rejecting Grounds's candidacy.

### R.C. 311.01(B)(7) Employment–History Requirement

{¶ 20} In regard to whether the board of elections erred in rejecting Grounds's candidacy, R.C. 311.01(B)(7) specifies that no person is eligible to be a candidate for sheriff unless the person has prepared "a complete history of the person's * * * places of employment for a period of six years immediately preceding the qualification date, indicating the name and address of each employer and the period of time employed by that employer." This history must be filed with the administrative judge of the court of common pleas of the county, who must forward it to the board of elections before the qualification date. Id.

{¶ 21} Even if we were to accept Grounds's claim that his one day of work for Commercial Point as a police officer satisfied the R.C. 311.01(B)(8)(a) eligibility requirement, Grounds would not have complied with the employment-history requirement of R.C. 311.01(B)(7), because he admittedly failed to include this one day of work on the employment history submitted to Judge Gerken. R.C. 311.01(B)(7) is phrased in mandatory language and requires strict compliance. *State ex rel. Ditmars v. McSweeney* (2002), 94 Ohio St.3d 472, 476, 764 N.E.2d 971 ("the settled rule is that election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision states that it is"); *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 33.

{¶ 22} Grounds's noncompliance with the employment-history requirement was raised in the protest, admitted by Grounds at the protest hearing, and specified in the merit brief of the board of elections and its members.

{¶ 23} Therefore, even if—as Grounds claims—the board of elections committed error in rejecting his candidacy on the basis of R.C. 311.01(B)(8), Grounds's noncompliance with R.C. 311.01(B)(7) justified the board's decision. See *State ex rel. Citizen Action for a Livable Montgomery v. Hamilton Cty. Bd. of Elections,* 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 49 (court will not vacate a correct determination by a board of elections even if that determination was based on an erroneous rationale); cf. *State ex rel. McGrath v. Ohio Adult Parole Auth.,* 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8 ("Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous").

### Timeliness of Board's Decision

{¶ 24} In his reply brief, Grounds claims that respondents waited too long to reject his candidacy because they did so less than 50 days before the election. Because Grounds did not raise this claim in his complaint or in his initial merit

brief, we need not address this argument. See, e.g., *Hoskins v. Simones*, 173 Ohio App.3d 186, 2007-Ohio-4084, 877 N.E.2d 1008, ¶ 38 (parties are not permitted to raise new arguments in their reply brief); *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 1, 2006-Ohio-4334, 854 N.E.2d 1025, ¶ 23, fn. 1 (party's failure to raise claim in complaint or amended complaint and delay in raising claim until reply brief in election case justified court of appeals' failure to address claim).

{¶ 25} Moreover, even if Grounds's new claim were properly before us, the claim lacks merit. The 50–day limit for an elections board to invalidate a declaration of candidacy or nominating petition does not apply to cases in which a written protest is filed. See R.C. 3501.39(A) and (B). In fact, under R.C. 3513.05, a written protest could have been filed against Grounds's candidacy "not later than four p.m. of the forty-ninth day before the day of the presidential primary election." The statute manifestly contemplates board decisions on these protests less than 50 days before the primary election.

## Conclusion

{¶ 26} The board of elections neither abused its discretion nor clearly disregarded R.C. 311.01 in rejecting Grounds's candidacy for sheriff. Therefore, we deny the writ. Grounds is not entitled to be placed on the primary election ballot because he did not comply with R.C. 311.01(B)(7).

*Writ denied.*

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

The McTigue Law Group, Donald J. McTigue, Mark A. McGinnis, and John M. Stephan, for relator.

Downes, Hurst & Fishel, Mark A. Fishel, and Dave A. Riepenhoff, for respondents.

Robert L. Berry Co., L.P.A., and Robert L. Berry, urging denial of the writ for amicus curiae, Buckeye State Sheriffs Association.