THE STATE OF OHIO EX REL. ADDIS v. MCCLENEN.

[Cite as *State ex rel. Addis v. McClenen,*
119 Ohio St.3d 500, 2008-Ohio-4924.]

(No. 2008–1765—Submitted September 19, 2008—Decided September 26, 2008.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of prohibition to prevent the candidacy of a person selected by a local political party to replace that party's original nominee upon the nominee's withdrawal. Because the board of elections neither abused its discretion nor clearly disregarded applicable law by denying a protest to the selected person's candidacy, we deny the writ.

### Vacancy and Selection of Candidates

{¶ 2} Bruce Smith, the incumbent Clark County Engineer and the Democratic Party nominee, was certified as the sole candidate for Clark County Engineer in the November 4, 2008 general election. On July 15, 2008, Smith withdrew his candidacy. Pursuant to R.C. 3513.31(C) and (K), the county Republican and Democratic parties were then authorized to select candidates to fill the vacancies in the nominations. The Clark County Republican Party selected Johnathan Burr as its nominee.

{¶ 3} On August 19, 2008, the Clark County Democratic Party selected Terrence G. Gerson as its candidate for county engineer at the November 4, 2008 election. Gerson is currently employed as service director for Concord Township in Lake County and owns a home and other property in Lake County. The day before his nomination, Gerson and his wife rented an apartment and registered to vote in Clark County.

## Protest and Board Hearing

{¶ 4} On August 22, 2008, relator, Arlie W. Addis Jr., the mayor of Catawba and a member of the Democratic Party, filed a protest with respondent Clark County Board of Elections challenging Gerson's candidacy. Addis claimed that Gerson is not qualified to be a candidate for Clark County Engineer because he is not a resident of Clark County.

{¶ 5} On August 28, the board of elections conducted a hearing on Addis's protest. At the hearing, Gerson testified that he had registered his vehicles in Clark County, established utilities in his name in Clark County, moved furniture into the Clark County apartment, and wanted to relocate to the area so that he and his wife would be near his daughter's children in a nearby county after his daughter deployed to Iraq for military service. At one point during the hearing, Gerson testified that if he was unsuccessful in the election, he still intended to stay in Clark County.

{¶ 6} Nevertheless, Gerson admitted that before the protest hearing, he had never slept overnight in Clark County and that he would not sell his Lake County home and other property until he knew for certain that he would be on the ballot for county engineer. He further testified that he considers himself a Clark County resident who commutes to Lake County for work during the week, even though his weekly commute is over three hours and in excess of 150 miles.

{¶ 7} At the conclusion of the hearing, the board of elections voted two-to-one to deny Addis's protest against the certification of Gerson as a candidate on the November 4 ballot for Clark County Engineer.

## Expedited Election Case

{¶ 8} A week later, on September 4, 2008, Addis filed this expedited election action for a writ of prohibition to prevent respondents, the Clark County Board of Elections and its members, from certifying Gerson's candidacy for county engineer or to place, print, or circulate Gerson's name on the November 4, 2008 election ballot. Respondents filed an answer, and the parties submitted evidence and briefs pursuant to the expedited election schedule in S.Ct.Prac.R. X(9).

{¶ 9} This cause is now before us for our determination on the merits.

## Prohibition

{¶ 10} Addis requests a writ of prohibition to prevent the board of elections and its members from placing the name of Terrence G. Gerson on the November 4, 2008 general election ballot as a candidate for Clark County Engineer. To be entitled to the writ, Addis must establish that (1) the board of elections and its members are about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no

adequate remedy exists in the ordinary course of law. *Wellington v. Mahoning Cty. Bd. of Elections,* 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 420, ¶ 35.

{¶ 11} Addis established the first requirement by proving that the board of elections and its members exercised quasi-judicial authority by denying his protest after conducting a hearing that included sworn testimony. *State ex rel. Craig v. Scioto Cty. Bd. of Elections,* 117 Ohio St.3d 158, 2008-Ohio-706, 882 N.E.2d 435, ¶ 21.

{¶ 12} Addis also established the third requirement because given the proximity of the election date in this expedited election case, he lacks an adequate remedy in the ordinary course of law. *State ex rel. Brown v. Butler Cty. Bd. of Elections,* 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 22.

{¶ 13} For the remaining requirement—that the board and its members' exercise of power was unauthorized by law—"we must determine whether the board acted fraudulently or corruptly, abused its discretion, or clearly disregarded applicable law." Id. at ¶ 23. Addis claims that the board and its members abused their discretion and clearly disregarded R.C. 3.15 and Section 4, Article XV of the Ohio Constitution by rejecting his protest and placing Gerson on the ballot as a candidate for county engineer. "An abuse of discretion reflects an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Sawyer v. Cendroski,* 118 Ohio St.3d 50, 2008-Ohio-1771, 885 N.E.2d 938, ¶ 11.

### R.C. 3.15 and Residency Requirements for County Engineer Candidates

{¶ 14} R.C. 3.15 provides:

{¶ 15} "(A) Except as otherwise provided in division (B) of this section, at all times during one's term of office:

{¶ 16} " * * *

{¶ 17} "(3) Each person holding an elective office of a political subdivision shall be a resident of that political subdivision."

{¶ 18} Addis claims that the board of elections abused its discretion and clearly disregarded R.C. 3.15 because Gerson is not a qualified candidate for county engineer in that he is not currently a resident of Clark County. But Addis's claim lacks merit. The residency requirement in R.C. 3.15(A) does not apply to candidates for office. It applies only to "persons who have been either elected or appointed to an elective office." R.C. 3.15(B). And then it applies only "during one's term of office." R.C. 3.15(A). Gerson has not yet been elected or appointed to an elective office, so R.C. 3.15 does not prevent his candidacy.

{¶ 19} Addis also cites Section 4, Article XV of the Ohio Constitution in support of his prohibition claim. This constitutional provision provides, "No person shall be elected or appointed to any office in this state unless possessed of the

qualifications of an elector." Gerson was nominated as the Democratic candidate for Clark County Engineer under R.C. 3513.31(C) upon the withdrawal of the original, nominated candidate. R.C. 315.02 specifies eligibility requirements for candidates for county engineer, but it does not require that candidates be county residents. See R.C. 315.02 ("No person holding the office of clerk of the court of common pleas, sheriff, county treasurer, or county recorder is eligible to hold the office of county engineer. No person is eligible in any county as a candidate for such office or shall be elected or appointed thereto unless he is a registered professional engineer and a registered surveyor, licensed to practice in this state").

{¶ 20} In *State ex rel. Jeffers v. Sowers* (1960), 171 Ohio St. 295, 13 O.O.2d 372, 170 N.E.2d 428, which the board and its members cite here, we considered a similar prohibition action to prevent the secretary of state and members of a county board of elections from certifying the name of a nonresident of the county as a candidate for county engineer. The nonresident had been nominated as a replacement for an original nominee who had died.

{¶ 21} We denied the writ and held that it was not necessary for the replacement candidate for county engineer to be a resident and elector of the county:

{¶ 22} "1. Under the provisions of Section 4 of Article XV of the Constitution of Ohio and Section 3513.31, Revised Code, a vacancy on the ballot caused by the death of a duly nominated candidate for the office of county engineer may be filled by the selection of a person who is a registered professional engineer and a registered surveyor licensed to practice in this state, and who is a resident and elector of this state.

{¶ 23} "2. Such selected person must meet all the requirements of Section 315.02, Revised Code, but it is not necessary for him to be a resident and elector of the county in which he is selected." Id. at syllabus.[1]

{¶ 24} We reasoned that nothing in Section 4, Article XV of the Ohio Constitution requires that a person be a county resident in order to be an eligible candidate for county engineer:

{¶ 25} "If the Ohio Constitution of 1802 were still in effect, the answer would be found in Section 27 of Article I relating to appointive public officials, inasmuch as most public officials then were appointive instead of elective as now. The section read in part:

---

1. Although in *Jeffers* we construed previous versions of the applicable statutes, the current versions of these statutes remain substantively similar for the pertinent provisions. See, e.g., 126 Ohio Laws 205, 224, and 127 Ohio Laws 44, 46.

{¶ 26} " 'No person shall be appointed to any office within any county, who shall not have been a citizen and inhabitant therein, one year next before his appointment * * *.'

{¶ 27} "Nothing was left to inference in the requirement that each public official within a county must be a 'citizen and inhabitant' of that county. However, this quoted language significantly was omitted when the present Constitution was adopted in 1851. The corresponding provision is Section 4 of Article XV. It now reads in part:

{¶ 28} " 'No person shall be elected or appointed to any office in this state unless possessed of the qualifications of an elector * * *.'

{¶ 29} "The only geographical area or political unit there mentioned is the state, and when the term 'elector' is employed it would logically seem to connote an elector of the only political territory mentioned, namely, the state. In any event, the word 'county' was eliminated by the substituted provision of 1851.

{¶ 30} *"Hence, the present Constitution provides no express requirement that a candidate for the office of county engineer be a resident and elector of that county."* (Emphasis added.) *Jeffers,* 171 Ohio St. at 296–297, 13 O.O.2d 372, 170 N.E.2d 428.[2]

{¶ 31} Therefore, like R.C. 3.15, Section 4, Article XV of the Ohio Constitution does not prevent Gerson's candidacy, even assuming that Addis is correct that Gerson is not a resident of Clark County.

{¶ 32} In *Jeffers,* we observed that our ruling was consistent with the general rule that in the absence of an express constitutional or statutory provision requiring residence within the political unit for which the person is elected or appointed, such residence is not a necessary qualification of an officer or candidate. Id. at 299, 13 O.O.2d 372, 170 N.E.2d 428, quoting Annotation, *Residence or Inhabitancy within District or Other Political Unit for Which He Is Elected or Appointed As a Necessary Qualification of Officer or Candidate, in Absence of Express Provision to That Effect* (1939), 120 A.L.R. 672, 1939 WL 73030.

{¶ 33} Similarly, there is no county-residence requirement for a county engineer candidate who has been appointed upon the withdrawal or death of a nominee by the major political party that made the original nomination. See R.C. 3513.31 and 315.02. This appointment process upon the withdrawal or death of a nominee differs from the process involving a person seeking a nomination by filing a declaration of candidacy and nominating petition. Cf. *State ex rel. Stine*

---

2. The present version of Section 4, Article XV is identical to the pertinent language examined by the court in *Jeffers.*

*v. Brown Cty. Bd. of Elections,* 101 Ohio St.3d 252, 2004-Ohio-771, 804 N.E.2d 415, ¶ 13, citing R.C. 3513.05 and 3513.07; R.C. 3513.05 ("If [the elections officials] find that such candidate is not an elector of the state, district, county, or political subdivision in which the candidate seeks a party nomination or election to an office or position, or has not fully complied with this chapter, the candidate's *declaration of candidacy and petition* shall be determined to be invalid and shall be rejected" [emphasis added] ); see also 1984 Ohio Atty.Gen.Ops. No. 84–025 ("while county residency is not a prerequisite * * * for election to [certain county] offices under certain facts, the same is not true of filing for county office *by petition* " [emphasis added] ).

{¶ 34} The residency requirement does not apply to a candidate for county engineer nominated to replace an original nominee who has withdrawn or died, because that candidate *is not required to file a declaration of candidacy and petition.* See R.C. 3513.31. R.C. 3513.01, 3513.02, 3513.05—and 3513.07, the statute that Addis cites in his reply brief here—"clearly relate solely to nominations at a party primary election and have no application to the filling of a vacancy on a ballot [pursuant to R.C. 3513.31] after the [withdrawal or] death of a duly nominated candidate." *Jeffers,* 171 Ohio St. at 298, 13 O.O.2d 372, 170 N.E.2d 428.

{¶ 35} Addis suggests that a different result is required because Gerson did, in fact, file a declaration of candidacy. While Addis attached that declaration to his reply brief, he did not submit it with his evidence. See S.Ct.Prac.R. X(9). And more important, the statutes he cites, including R.C. 3513.07, did not require Gerson to file the declaration and do not require county residence for appointees to replace candidates who have died or withdrawn. Gerson is not a candidate because of any unnecessarily filed declaration and petition; he is a candidate because of his appointment under R.C. 3513.31. Consequently, pursuant to our holding in *Jeffers,* Addis's protest against Gerson lacked merit.

{¶ 36} Therefore, even assuming that Addis is correct that the evidence established that Gerson is a resident of Lake County and is not a resident of Clark County, that fact does not disqualify Gerson as a candidate for Clark County Engineer at the November 4, 2008 general election. Regardless of whether the board of elections initially relied on this ground to deny Addis's protest, the board's decision denying the protest and placing Gerson on the ballot was not unreasonable, arbitrary, or unconscionable. See *State ex rel. Grounds v. Hocking Cty. Bd. of Elections,* 117 Ohio St.3d 116, 2008-Ohio-566, 881 N.E.2d 1252, ¶ 23, citing *State ex rel. Citizen Action for a Livable Montgomery v. Hamilton Cty. Bd. of Elections,* 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 49 (court will not vacate a correct determination by a board of elections even if that determination is based on an erroneous rationale).

## Conclusion

{¶ 37} The board of elections and its members neither abused their discretion nor clearly disregarded R.C. 3.15, Section 4, Article XV of the Ohio Constitution, or applicable law by denying Addis's protest and certifying Gerson as a candidate for county engineer at the November 4, 2008 election. Therefore, we deny the writ. We also deny the parties' joint request for oral argument because the parties' briefs are sufficient to resolve this case. See *Brown*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 38, fn. 1 (court denies request for oral argument when parties' briefs are sufficient to resolve case). In so holding, we note that if Gerson is in fact elected, R.C. 3.15 would require that he be a resident of Clark County during his term of office.

*Writ denied.*

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Harkins & Associates, Daniel C. Harkins, and Mark D. DeCastro, for relator.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Andrew P. Pickering, Assistant Prosecuting Attorney, for respondent.