[Cite as *Bank of New York Mellon v. Schultz*, 2014-Ohio-2363.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Bank of New York Mellon, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-635 |
| | | No. 13AP-1080 |
| Edward F. Schultz, | : | (C.P.C. No. 12CV-003801) |
| Defendant-Appellant, | : | (REGULAR CALENDAR) |
| Sarah L. Malone, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 3, 2014

*Thomas Law Group*, and *Chad P. Hanke*, for appellant.

*Plunkett Cooney*, and *Amelia A. Bower*, for appellee Sarah L. Malone.

APPEALS from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Edward F. Shultz, appeals from the judgments of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, The Bank of New York Mellon ("the bank"), and defendant-appellee, Sarah L. Malone ("appellee"), on her cross-claim asserted against appellant. For the reasons that follow, two of the judgments of the trial court are affirmed, and two of the judgments are vacated.

## I. BACKGROUND

{¶ 2}   On March 23, 2004, appellant executed a credit line in favor of M/I Financial Corporation in the amount of $44,228.  The credit line was secured by an open-end mortgage against property located at 6364 Skipping Stone Drive, New Albany, Ohio ("the property").   In the spring of 2007, appellant paid the remaining balance and, according to his affidavit, provided written notice to terminate the line of credit so that the mortgage would be released.   Nonetheless, appellant continued to receive monthly statements indicating that he could borrow funds.

{¶ 3}   On June 29, 2007, appellant transferred the property to appellee by way of a general warranty deed that does not mention the subject mortgage.  Approximately one year after transferring the property to appellee, appellant began drawing against the line of credit.  However, after borrowing in excess of $35,000, appellant defaulted.  The bank, who obtained the mortgage in September 2011 through assignments that are not challenged herein, filed the instant complaint in foreclosure seeking judgment in the amount of $36,979.33, plus interest at the rate of five percent per annum from June 20, 2009, plus costs.  Appellee filed a cross-claim against appellant alleging breach of the warranty covenants contained in the general warranty deed.

{¶ 4}   The bank filed a motion for summary judgment on December 28, 2012.  Appellant did not file a response, and the trial court granted the bank's motion for summary judgment on March 20, 2013.   Thereafter, appellee moved for summary judgment against appellant on her cross-claim for breach of the covenants contained in the general warranty deed.   In his memorandum contra, appellant did not dispute opening the line of credit in 2004, transferring the property to appellee via a general warranty deed in 2007 or drawing funds against the line of credit in 2008.   Instead, appellant argued that appellee's motion for summary judgment was premature and that appellee was barred from recovering anything from appellant due to his bankruptcy proceedings.  Appellant did not, however, provide evidence in accordance with Civ.R. 56.  The trial court granted appellee's motion for summary judgment and, thereafter, issued judgment entries on June 24 and 26, 2013.  Appellant filed a notice of appeal on July 22, 2013, resulting in appeal case No. 13AP-635.  On December 4 and 5, 2013, the trial court issued judgment entries purporting to amend the prior June 2013 entries.  Appellant filed

a notice of appeal with respect to the amended judgment entries resulting in appeal case No. 13AP-1080.  Said cases were consolidated on appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 5}   In these consolidated appeals, appellant raises two assignments of error for our review:

> I. The trial court erred as a matter of law by granting appellee-plaintiff, Bank of New York Mellon's motion for summary judgment and appellee-defendant/third-party plaintiffs, Sarah Malone and Andrew Malone's motion for summary judgment.
>
> II. The trial court erred by issuing an amended judgment entry after defendant-appellant filed his appeal.

## III.  DISCUSSION

### A.  Standard of Review

{¶ 6}   We review a summary judgment motion de novo.  *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).  When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination.  *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711.  We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it.  *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 7}   Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds

can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 8}   "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' "  *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).  Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.  *Dresher* at 293.  Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.  *Id.*  If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

### B.  First Assignment of Error

{¶ 9}   In his first assignment of error, appellant challenges the trial court's decision granting both the motion for summary judgment filed by the bank and the motion for summary judgment filed by appellee.  Appellant does not dispute opening the line of credit in 2004 or accessing the line of credit in 2008 after he transferred the premises to appellee.  Nor does appellant challenge the amount of damages awarded.  Rather, appellant contends an issue of material fact exists regarding whether or not he terminated the line of credit at, or just prior to, the time the premises was transferred to appellee.

{¶ 10} The bank filed its motion for summary judgment on December 28, 2012.  According to the evidence submitted by the bank, it is the owner and holder of both the note and mortgage and appellant defaulted under the terms of the same.  Appellee filed a memorandum contra to the bank's motion for summary judgment; however, appellant

neither opposed nor submitted evidence in opposition to the bank's motion for summary judgment. After the trial court granted the bank's motion for summary judgment on March 20, 2013, *appellee* filed a motion for reconsideration on March 21, 2013, asking the trial court to reconsider three of its prior decisions. The trial court denied appellee's motion for reconsideration on June 6, 2013, and four days later, appellant asked the trial court to reconsider its denial of *appellee's* motion for reconsideration. This was the first time appellant submitted any memoranda or evidence pertaining to the bank's motion for summary judgment. Attached to appellant's motion was his June 10, 2013 affidavit, which appellant asserts creates a genuine issue of material fact as to whether or not he terminated the line of credit in 2007 prior to transferring the property to appellee.

{¶ 11} In his affidavit, appellant admits opening the line of credit in 2004 but states that he "instructed" the lender to close the account and "expected" that the line of credit had been closed. In denying appellant's motion, the trial court stated "[t]his is the second attempt at reconsideration and the third time this issue has been presented to the Court. The evidence keeps changing. This matter was correctly decided on the evidence presented the first time; the Court is not going to reconsider the matter over and over on the basis of newly offered evidence by Defendant." (June 12, 2013 Entry, 1.)

{¶ 12} A trial court has discretion to determine whether to consider additional evidence submitted with a motion for reconsideration. *Ruggiero v. Std. Mgt.*, 10th Dist. No. 95APE05-641 (Dec. 19, 1995), citing *Stanger v. Waterford Tower Co.*, 10th Dist. No. 94APE03-371 (Aug. 25, 1994). Here, the trial court found no reason to allow additional evidence at such a late point in the proceedings, as appellant had not sought to present any evidence at either the time the bank filed its motion for summary judgment or the time appellee filed her motion for reconsideration. While the trial court could have exercised its discretion to allow the additional evidence, it did not abuse its discretion in refusing to do so, especially given the length of time which elapsed from the time the summary judgment motion initially was filed.

{¶ 13} The bank having satisfied its burden of demonstrating the absence of genuine issues of material fact, and appellant having failed to satisfy his reciprocal burden under Civ.R. 56, we conclude the trial court did not err in granting the bank's motion for summary judgment.

{¶ 14} With respect to appellee's motion for summary judgment, appellant does not dispute the evidence demonstrating that he transferred the property to appellee in 2007 via a general warranty deed and that, as such, he is subject to the general warranty covenants contained in the deed and R.C. 5302.06.   In regard to general warranty covenants, R.C. 5302.06 states:

> In a conveyance of real estate, or any interest therein, the words "general warranty covenants" have the full force, meaning, and effect of the following words: "The grantor covenants with the grantee, his heirs, assigns, and successors, that he is lawfully seized in fee simple of the granted premises; that they are free from all encumbrances; that he has good right to sell and convey the same, and that he does warrant and will defend the same to the grantee and his heirs, assigns, and successors, forever, against the lawful claims and demands of all persons."

{¶ 15} As demonstrated, included within the general warranty deed is the covenant to convey a title free of encumbrances.  The subject mortgage satisfied the definition of "encumbrance."  *Ameritrust v. Sherman*, 9th Dist. No. 3507 (Nov. 16, 1983) (breach of covenant to convey title free of encumbrances occurred when the property subject to a mortgage was transferred via general warranty deed); *Hollon v. Abner*, 1st Dist. No. C960182 (Aug. 29, 1997) (mortgage constitutes an encumbrance for purposes of general warranty covenants).

{¶ 16} In asserting the trial court erred in granting appellee's motion for summary judgment, appellant first contends that if this court reverses summary judgment entered in favor of the bank, then this court must reverse summary judgment entered in favor of appellee.  Having upheld the summary judgment rendered in favor of the bank, we find no merit to this contention.

{¶ 17} Appellant next argues that, even though the property was encumbered at the time he transferred it to appellee, this court should reverse the trial court's grant of summary judgment in favor of appellee because (1) the credit line had a principal balance of zero dollars at the time he transferred the property, and (2) it was his "expectation that the Credit Line would be terminated and that the Mortgage securing the Credit Line would be released."  (Appellant's Brief, 18.)   Appellant has not provided, nor has this

court's research revealed, any support for appellant's assertion that such facts would act to prevent judgment in appellee's favor. R.C. 5302.06 is designed to protect subsequent bona fide purchasers of property. *Hollon*, citing *Basil v. Vincello*, 50 Ohio St.3d 185, 189-90 (1990). It placed the burden on appellant to convey the property free of encumbrances, which he undisputedly failed to do. *Id.* Accordingly, we conclude the trial court did not err in granting appellee's motion for summary judgment.

{¶ 18} Upon review of the record, we find no merit to appellant's assertion that the trial court erred in granting the motions for summary judgment filed by either the bank or appellee. Accordingly, we overrule appellant's first assignment of error.

### C. Second Assignment of Error

{¶ 19} In his second assignment of error, appellant contends it was error for the trial court to issue amended judgment entries in December 2013, five months after appellant filed a notice of appeal in this case. During oral argument, appellee's counsel conceded error.

{¶ 20} It appears the amended judgment entries issued in December 2013 were issued sua sponte and were an attempt to amend the trial court's June 2013 judgment entries. The general rule is that a trial court loses jurisdiction after an appeal, except to take action in aid of an appeal or when a remand is ordered for a ruling on a pending motion; the trial court retains only that jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is perfected. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990); *Koltcz v. Alchem Corp.*, 8th Dist. No. 59205 (Nov. 7, 1991); *State v. Bowman*, 10th Dist. No. 02AP-1025, 2003-Ohio-5341, ¶ 18.

{¶ 21} Because the December 2013 amended judgment entries are inconsistent with this court's jurisdiction to review, modify or affirm the appealed June 2013 judgment entries, we must conclude the amended judgment entries are nullities. *Id.*; *Yee*. Consequently, we sustain appellant's second assignment of error and vacate the amended judgment entries rendered on December 4 and 5, 2013.

## IV. CONCLUSION

{¶ 22} In conclusion, appellant's first assignment of error is overruled, and appellant's second assignment of error is sustained. Accordingly, the judgments of the

Franklin County Court of Common Pleas in case No. 13AP-635, rendered on June 24 and 26, 2013, are hereby affirmed, and the amended judgments of the Franklin County Court of Common Pleas in case No. 13AP-1080, rendered on December 4 and 5, 2013, are hereby vacated.

*Judgments in case No. 13AP-635 affirmed;*
*judgments in case No. 13AP-1080 vacated.*

BROWN & CONNOR, JJ., concur.

_____