[Cite as *Othman v. Princeton City School Dist. Bd. of Edn.*, 2017-Ohio-9115.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| AMANI OTHMAN, | : | APPEAL NOS. C-160878 |
|  |  | C-170187 |
| and | : | TRIAL NO. A-1503186 |
|  |  |  |
| AKRAM OTHMAN, | : |  |
|  |  | *O P I N I O N.* |
| Appellants/Cross-Appellees, | : |  |
|  |  |  |
| vs. | : |  |
|  |  |  |
| BOARD OF EDUCATION OF THE PRINCETON CITY SCHOOL DISTRICT, | : |  |
|  | : |  |
| Appellee/Cross-Appellant, | : |  |
|  |  |  |
| and | : |  |
|  |  |  |
| THE BOARD OF REVISION OF HAMILTON COUNTY, OHIO, | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| DUSTY RHODES, AUDITOR, HAMILTON COUNTY, OHIO, |  |  |
|  |  |  |
| Appellees. |  |  |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in C-170187; Appeal Dismissed in C-160878

Date of Judgment Entry on Appeal: December 20, 2017

*Strauss Troy Co., L.P.A.,* and *Marshall K. Dosker*, for Appellants/Cross-Appellees,

*Ennis Britton Co., LPA,* and *Gary T. Stedronsky*, for Appellee/Cross-Appellant Board of Education of the Princeton City School District,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Thomas J. Scheve*, Assistant Prosecuting Attorney for Appellee Dusty Rhodes, Hamilton County Auditor.

**MYERS, Presiding Judge.**

{¶1}   The Board of Education of the Princeton City School District ("school district") appeals the judgment of the Hamilton County Court of Common Pleas in favor of the appellant property owners in their appeal of a decision of the Hamilton County Board of Revision ("board of revision").   We find no merit in the school district's assignments of error, and we affirm the trial court's judgment.

### Procedural History

{¶2}   Amani and Akram Othman filed a complaint for the 2014 tax year with the board of revision in which they sought to reduce the value of property they owned at 100 Tri-County Parkway from $4,997,430 to $880,000.   The school district filed a counter-complaint in which it sought to maintain the value assigned by Hamilton County Auditor Dusty Rhodes ("the auditor").   Following a hearing, the board of revision maintained the auditor's value of $4,997,430.

{¶3}   In 2015, the Othmans appealed the decision of the board of revision to the common pleas court, pursuant to R.C. 5717.05.   Thereafter, they filed a motion to supplement the record with evidence of an independent appraisal, which the school district and the auditor opposed.   The trial court denied the motion to supplement.

{¶4}   The parties filed briefs in support of their valuations.   After a hearing, the magistrate affirmed the decision of the board of revision to maintain the auditor's valuation.

{¶5}   The Othmans filed objections to the magistrate's decision.   Following its review, the trial court adopted the magistrate's decision on November 4, 2016. The Othmans appealed the trial court's decision, in the case numbered C-160878. Then they filed a motion in the trial court for reconsideration or, in the alternative,

for relief from judgment under Civ.R. 60(B). They also filed a motion in this court for a limited remand for the trial court to consider the motion, which we granted.

{¶6} On remand, the trial court held a hearing on the Othmans' motion, and allowed them to present additional evidence, including the independent appraisal which the court had previously disallowed. The Othmans presented the testimony of Eric Gardner, a commercial real estate appraiser, and his appraisal. Gardner opined that the property's market value as of January 1, 2014, was $950,000. The Othmans also presented evidence that the property had been on the market for several years before it was sold in December 2016 for $950,000.

{¶7} After the hearing, on March 27, 2017, the court granted the motion for reconsideration and determined that the value of the property for tax purposes for the 2014, 2015 and 2016 tax years was $950,000. The school district appealed the trial court's decision in the case numbered C-170187.

{¶8} As conceded by the Othmans' counsel at oral argument, we must dismiss their appeal in the case numbered C-160878 because they advance no assignments of error for our review. We consider the school district's appeal in the case numbered C-170187.

*An Interlocutory Order*

{¶9} In its appeal, the school district asserts three assignments of error. In its first assignment of error, the school district argues that the trial court had no authority to enter its March 2017 judgment because that judgment was issued after a limited remand from this court, which the district argues had no jurisdiction to hear the Othmans' appeal. The school district contends that this court had no jurisdiction over the Othmans' appeal because the order appealed from, the trial court's November 2016 order, was not a final, appealable order. Because this court had no

jurisdiction over the Othmans' appeal, the school district argues, it had no authority to order a limited remand, so that any resulting order by the trial court was unenforceable.

{¶10} The school district argues that the trial court's November 2016 order that adopted the magistrate's decision was not a final, appealable order because the court had merely adopted the magistrate's decision without also entering a judgment as required by Civ.R. 53(D)(4)(e). That rule requires a court that adopts, rejects, or modifies a magistrate's decision to also enter a judgment or interim order. Therefore, a magistrate's decision remains an interlocutory order until the trial court reviews it and "(1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all the claims for relief in the action or determines that there is no just reason for delay." *Alexander v. LJF Mgt., Inc.*, 1st Dist. Hamilton No. C-090091, 2010-Ohio-2763, ¶ 12.

{¶11} In its November 2016 order, the trial court adopted the magistrate's decision and ordered the parties to submit a judgment entry pursuant to local rule. Neither party did so. Prior to the Othmans' December 2016 notice of appeal from the trial court's November 2016 order, the trial court did not journalize a judgment that determined all the claims for relief in the action or that determined there was no just reason for delay. *See id.* at ¶ 16; *Yantek v. Coach Builders, Ltd., Inc.,* 1st Dist. Hamilton No. C-060601, 2007-Ohio-5126, ¶ 14. Therefore, the trial court's November 2016 order adopting the magistrate's decision remained an interlocutory order.[1] *See Yantek* at ¶ 14.

{¶12} A trial court has the inherent authority to reconsider an interlocutory order entered in the same case. *See Murphy v. Murphy*, 1st Dist. Hamilton No. C-

---

[1] If the trial court had entered judgment in accordance with its November 4, 2016 judgment and determined all the claims for relief, the Othmans' premature notice of appeal might have been treated as filed immediately after the entry of judgment pursuant to App.R. 4(C). This, however, was never done.

130229, 2014-Ohio-656, ¶ 20; *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), fn. 1. And its decision whether to reconsider a previous interlocutory order is a matter of discretion, and will not be reversed on appeal absent an abuse of that discretion. *State ex rel. Miller v. Brady*, 123 Ohio St.3d 255, 2009-Ohio-4942, 915 N.E.2d 1183, ¶ 13. " 'Abuse of discretion' connotes an unreasonable, arbitrary, or unconscionable decision." *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 21, quoting *State ex rel. Stine v. Brown Cty. Bd. of Elections*, 101 Ohio St.3d 252, 2004-Ohio-771, 804 N.E.2d 415, ¶ 12.

{¶13} Here, the trial court retained jurisdiction to reconsider its interlocutory November 2016 order, and did not abuse its discretion in conducting further hearings. We overrule the school district's first assignment of error.

### Another Interlocutory Order

{¶14} In its second assignment of error, the school district argues that the trial court erred by adopting its March 2017 judgment in favor of the Othmans because a final, appealable order denying the Othmans' motion to submit additional evidence had been issued by the trial court in 2015. The school district contends that the trial court lacked authority to reconsider its 2015 order, and therefore, could not consider additional evidence.

{¶15} The school district argues that the 2015 order was a final, appealable order because the order contained a stamp required by the local rules of the common pleas court for any judgment from which an appeal lies. However, such a stamp cannot transform a nonfinal order into an appealable order. *See, e.g., William Powell Co. v. OneBeacon Ins. Co*, 1st Dist. Hamilton No. C-130681, 2014-Ohio-3528, ¶ 7 (Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable

order). An order is final and appealable only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. To be final, an order must determine an action and prevent a judgment. *Id.* at 88.

{¶16} The trial court's 2015 order denying the Othmans' motion to present additional evidence was not a final order because it neither determined the action nor prevented a judgment. Therefore, it was an interlocutory order subject to change or reconsideration by the trial court. *See Yantek*, 1st Dist. Hamilton No. C-060601, 2007-Ohio-5126, at ¶ 14. And the trial court had discretion to consider any additional evidence submitted by the Othmans in support of their motion for reconsideration. *See Bank of New York Mellon v. Schultz*, 10th Dist. Franklin Nos. 13AP-635 and 13AP-1080, 2014-Ohio-2363, ¶ 12.

{¶17} Under R.C. 5717.05, a common pleas court may hear an appeal from a decision of a board of revision on the record and the evidence, or it may hear and consider additional evidence. In support of their motion for reconsideration, the Othmans presented evidence of the December 2016 sale of the property, along with the independent appraisal. We cannot say that the trial court abused its discretion in considering the additional evidence in determining the taxable value of the property. Therefore, we overrule the school district's second assignment of error.

### The Othmans' Evidence

{¶18} In its third assignment of error, the school district argues that the trial court erred by determining the taxable value of the property to be $950,000 because the Othmans failed to satisfy their burden of proof. The school district contends that the December 2016 sale was not sufficiently close in time to the January 1, 2014 tax-

lien date, and that the Othmans' appraisal did not constitute competent or probative evidence of the property's value.

{¶19} Under R.C. 5717.05, the trial court must independently determine the taxable value of the property whose valuation or assessment by the county board of revision is challenged. *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 475 N.E.2d 1264 (1985), syllabus. The trial court's judgment will not be disturbed absent an abuse of discretion. *Id.*

### A. The Sale Was Not Recent

{¶20} The Supreme Court of Ohio has long held that the true value of property is an actual, recent sale of the property in an arm's-length transaction. *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 9, citing *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977). Therefore, a sale price is presumed to establish the value of real property unless the sale was neither recent nor an arm's-length transaction. *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 138 Ohio St.3d 223, 2014-Ohio-523, 5 N.E.3d 637, ¶ 14.

{¶21} There is no bright-line test to establish when a sale is sufficiently close to the tax-lien date to be presumed recent. *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 13. But the Supreme Court has noted that it has "not accorded a presumption of recency to a sale that occurred more than 24 months before the lien date." *Id.* at ¶ 14.

{¶22} In this case, where the sale occurred almost three years after the tax-lien date, the recency presumption did not apply to shift the burden of rebuttal to the school district. Accordingly, the burden of persuasion remained on the Othmans as

8

the appellants seeking a reduction in value. *See Cincinnati School Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 328, 677 N.E.2d 1197 (1997). Even though the sale was not recent, however, the court did not abuse its discretion by considering evidence of the sale, along with the other evidence presented by the parties, in making its determination of value.

### B. The Othmans' Appraisal

{¶23} Next, the school district argues that the trial court should not have considered the appraisal report presented by the Othmans because the appraiser, Eric Gardner, failed to give an opinion on a vacant-land value, overestimated necessary repairs to the property, and used unreliable approaches to estimate its value. The school district complains that Gardner's sales-comparison approach used subjective adjustments and that his income approach used an aggressive capitalization rate, which was not otherwise supported by his appraisal or by the market.

{¶24} At the hearing on the Othmans' motion for reconsideration, the school district objected to evidence of Gardner's appraisal on the grounds that the trial court had previously denied the Othmans' motion to supplement the record with evidence of the independent appraisal. However, the school district stipulated to Gardner's qualifications as a commercial real estate appraiser and did not challenge the admissibility of his testimony or report under Evid.R. 702 or otherwise. Thus, we consider its challenge on appeal as going to the weight of the appraisal evidence, not its admissibility.

{¶25} Gardner opined that the auditor's vacant-land valuation of $1,012,200 was not "market supported for a land value in that location." He testified that he chose not to use a vacant-land valuation, and used sales-comparison and income

approaches to appraise the property. He explained the basis for his estimate of necessary repairs to the building on the property. In addition, he explained that, in doing a sales-comparison approach to value, he used a certain adjustment percentage that, based upon the market and his experience, he believed was within a "commercially reasonable range." In using his income approach, Gardner explained that he had used a higher-than-normal capitalization rate, in part, because the property was 80 percent vacant.

{¶26} Camilla Hileman, a senior appraiser with the auditor's office, testified on behalf of the school district that land valuation was part of the appraisal process. Counsel for the school district noted that Gardner's appraisal for the entire property was less than the auditor's vacant-land valuation for the property, and asked Hileman, "Does the auditor misvalue properties that much?" In response, Hileman acknowledged that in some circumstances, the auditor's use of mass-appraisal techniques might produce an inaccurate land valuation. Hileman also testified that the capitalization rate used by Gardner was not one typically used in appraisal reports, but she could not say that the rate was unreasonable. She also testified that, while the use of high-percentage adjustments in a sales-comparison approach could indicate that the subject property was not being compared with a similar property, there could be circumstances in which using such adjustments would be reasonable.

{¶27} In an appeal from a decision of the board of revision under R.C. 5717.05, the trial court has wide discretion to determine the weight of the evidence and the credibility of the witnesses. *JRB Holdings, L.L.C. v. Wayne Cty. Bd. of Revision*, 9th Dist. Wayne No. 05CA0048, 2006-Ohio-1042, ¶ 8. Following our review of the record, we cannot say that the trial court abused its discretion in considering Gardner's testimony and report. Nor can we say that the court's decision in favor of the Othmans was unreasonable, arbitrary, or unconscionable. We overrule the school district's third assignment of error.

{¶28}   Therefore, the trial court's judgment in the case numbered C-170187 is affirmed.  The appeal in the case numbered C-160878 is dismissed.

Judgment accordingly.

**MILLER** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.