[Cite as *Colerain Capital, L.L.C. v. Hamilton Cty. Aud.*, 2023-Ohio-56.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| COLERAIN CAPITAL, LLC, | : | APPEAL NO. C-220098 |
| | | TRIAL NO.  A-2003794 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| HAMILTON COUNTY AUDITOR, | : | |
| and | | |
| | : | |
| NORTHWEST LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 11, 2023


*Stagnaro, Saba & Patterson Co., L.P.A.*, and *Paul T. Saba*, for Plaintiff-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Eric A. Munas*, Assistant Prosecuting Attorney, for Defendant-Appellee Hamilton County Auditor,

*Finney Law Firm, LLC, Christopher P. Finney* and *Casey A. Jones*, for Defendant-Appellee Northwest Local School District Board of Education.

CROUSE, **Presiding Judge.**

{¶1}   Plaintiff-appellant Colerain Capital, LLC, ("Colerain Capital") appeals from the judgment of the Hamilton County Court of Common Pleas, exercising appellate review of a decision by the Hamilton County Board of Revision ("BOR") on the tax valuation of property owned by Colerain Capital in Colerain Township and within the Northwest Local School District. The trial court affirmed the decision of the BOR to retain the valuation of the property previously determined by the Hamilton County Auditor ("Auditor"). Colerain Capital appeals the decision, arguing for a lower valuation. The Auditor and the Northwest Local School District Board of Education ("school board") argue to retain the existing valuation. For the reasons set forth below, we affirm the decision of the trial court.

## I. Procedural and Factual History

{¶2}   Colerain Capital purchased the subject property in December 2014 for $1,916,145. The property is located near the Northgate Mall and consists of a single commercial building on a 1.97-acre lot. At all relevant times, the building has been leased to a home-improvement store. For tax years 2014 and 2017, the Auditor valued the property at $1,916,150.

{¶3}   Colerain Capital filed its complaint against the valuation of real property for the tax year 2019 with the BOR in March 2020. Colerain Capital sought a reduction in the valuation to $1,200,000.  The Auditor responded with a request for no change in valuation, arguing that Colerain Capital had not supplied any relevant documentation supporting its claim for a reduction. Colerain Capital subsequently submitted an appraisal of the property. Based on the appraised value, Colerain Capital further reduced its requested valuation to $1,130,000. The school board, as permitted

by R.C. 5715.19(B), filed a countercomplaint seeking retention of the Auditor's valuation. After a hearing, the BOR voted unanimously to retain the Auditor's valuation. Colerain Capital timely appealed the BOR's decision to the Hamilton County Court of Common Pleas under R.C. 5717.05.

{¶4} On motion from the school board, the trial court permitted the school board to submit its own appraisal and allowed all parties to depose the school board's appraiser. After a hearing and briefing from the parties, the court found that Colerain Capital had not met its burden of proof to be entitled to a reduction in valuation. Accordingly, the court affirmed the BOR's valuation of $1,916,150. This appeal followed.

{¶5} As presented to the court below, the Auditor's assessment reflects a total value of $1,916,150. The Auditor's record shows a "cost approach" valuation of $1,847,220 and a "trended approach" valuation of $1,916,150. The "cost approach" reflects the computer-assisted mass appraisal ("CAMA") performed for the required sexennial reappraisal for the 2017 tax year. The "trended approach" reflects a 2015 BOR decision of the property's value, which reflected the then-recent sale of the property to Colerain Capital. The Auditor explains that the resulting valuation "is based on the most recent sale of the property and the BOR's scrutiny of the property's value after that sale in 2015, combined with a 2017 CAMA appraisal."

{¶6} Colerain Capital submitted an appraisal by R. Matt Nobles (the "Nobles appraisal") to the BOR. The Nobles appraisal valued the property at $1,130,000 as of the tax lien date of January 1, 2019. The appraisal consisted of a "sales comparison" valuation of $1,110,000 and an "income capitalization" value of $1,150,000.

{¶7} The school board submitted an appraisal by Raymond A. Jackson (the

"Jackson appraisal") to the trial court. The Jackson appraisal valued the property at $1,900,000 as of the tax lien date. The appraisal consisted of a "sales comparison" valuation of $1,903,358, which was rounded down to $1,900,000, and a "direct capitalization" or "income approach" value of $1,904,579, which was also rounded down to $1,900,000.

## II. Analysis

{¶8} In its sole assignment of error, Colerain Capital claims that the court of common pleas erred by retaining the Auditor's assessed value, "although all the evidence in the record contradicted it, and no evidence supported it."

{¶9} When we review the judgment of the court of common pleas on a BOR tax appeal, "we will not disturb the factual issue of valuation absent an abuse of discretion." *OTR Hous. Assocs. v. Cincinnati School Dist. Bd. of Edn.*, 1st Dist. Hamilton No. C-200321, 2021-Ohio-3231, ¶ 25, citing *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 165 Ohio St.3d 227, 2021-Ohio-2798, 177 N.E.3d 256, ¶ 10-11. "Abuse of discretion occurs when 'a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.' " *State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608, ¶ 5, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. As in other matters, we review questions of law de novo. *OTR Hous. Assocs.* at ¶ 25.

{¶10} In a tax appeal, the Board of Tax Appeals ("BTA") and the court of common pleas serve the same function, and the same case law governs that function whether carried out by the BTA or the court of common pleas. *Id.* at ¶ 24.

{¶11} Ordinarily, the party challenging the BOR's decision has the burden of

proof to establish its proposed value for the property. *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23, citing *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 15. Consequently, neither the BOR nor the Auditor need offer proof of the county's valuation. *Id.* Thus, the trial court is justified in retaining the county's valuation of the property when the party challenging the valuation has not carried its burden of proof. *Colonial Village* at ¶ 23, citing *Dayton-Montgomery* at ¶ 15; *Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 48, 689 N.E.2d 22 (1998).

**{¶12}** There is a "narrow exception" that derives from these general rules. *Colonial Village* at ¶ 24. Although the BOR and Auditor need not offer any proof to sustain the county's valuation, if the record *affirmatively negates* the county's claimed valuation, the trial court may not retain the county's valuation. *Id.*; *Dayton-Montgomery* at ¶ 27. Specifically, "when the evidence presented to the board of revision or the BTA contradicts the auditor's determination in whole or in part, and *when no evidence has been adduced to support the auditor's valuation*, the BTA may not simply revert to the auditor's determination." (Emphasis added.) *Dayton-Montgomery* at ¶ 27.

**{¶13}** Colerain Capital complains that the trial court erred in retaining the Auditor's valuation, as upheld by the BOR, because the "narrow exception" applies. Colerain Capital claims that "there is literally *no evidence* in the record" to support the Auditor's or the BOR's valuation of the property. (Emphasis sic.) Colerain Capital characterizes the Jackson appraisal of $1,900,000 as evidence supporting a valuation lower than the Auditor's valuation of $1,916,150. Colerain Capital emphasizes that the

relevance of this slight difference in valuation is not its magnitude, but rather its mere existence.

**{¶14}** We find that the "narrow exception" is inapplicable here. While we note that Colerain Capital has submitted evidence tending to contradict the Auditor's valuation in the form of the Nobles appraisal, that is not the only evidence in the record. There is ample, competent evidence to support the Auditor's valuation: the Auditor's calculation using the CAMA data, the most recent sale price, and the Jackson appraisal. Although the Jackson appraisal does not precisely equal the Auditor's valuation to the dollar, we cannot say that an appraised value that is 99.1 percent of the Auditor's valuation does not support that valuation. Without the benefit of the "narrow exception," the burden remains on Colerain Capital to prove its proposed value for the subject property.

**{¶15}** Colerain Capital further claims that it was unreasonable for the trial court to retain the 2014 sale price as the assessed value because, as a matter of law, a sale older than 24 months is not accorded a presumption of recency. *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 26. However, *Akron City* merely establishes that an older sale is not *presumed* to be recent for purposes of valuation. A sale that is not afforded a presumption of recency may still be considered by the fact-finder, along with other competent evidence. *Othman v. Bd. of Edn.*, 1st Dist. Hamilton Nos. C-160878 and C-170187, 2017-Ohio-9115, ¶ 22.

**{¶16}** The trial court had the opportunity to review the parties' competing appraisals and evaluate their credibility, as well as to weigh the other evidence in the record. In reaching its conclusion, the trial court found that Colerain Capital had not

met its burden to prove its claimed value for the property. Because there is adequate evidence in the record to support its conclusion, we cannot say that the trial court acted in an "unwarranted way" by affirming the BOR's valuation of the subject property.

### *III. Conclusion*

{¶17}   For the foregoing reasons, we overrule Colerain Capital's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**WINKLER** and **BOCK, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.